AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Michigan__

UNITED STATES OF AMERICA
v.
MICHAEL DONNELL WILLIAMS
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: 08-CR-20514

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☑ (1) There is probable cause to believe that the defendant has committed an offense
  - ☑ for which a maximum term of imprisonment of ten years or more is prescribed in __Title 21__.
  - ☐ under 18 U.S.C. § 924(c).
- ☑ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

there are no conditions or combination of conditions that will reasonably assure the appearance of the defendant as required or the safety of the community considering the factors listed in 18 U.S.C. 3142(g). The specific reasons for that determination are stated on the attached page.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| 3/27/2009 | s/Michael Hluchaniuk |
|---|---|
| Date | Signature of Judge |
| | Michael Hluchaniuk       U.S. Magistrate Judge |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Michael Donnel Williams
Case No. 08-20514

## PART II--STATEMENT OF REASONS FOR DETENTION

It is determined that clear and convincing evidence establishes that defendant is a danger to the community and the preponderance of the evidence establishes that he is a flight risk. The reasons for that determination, considering the factors in 18 U.S.C. § 3142(g), are (1) that defendant is facing both controlled substance and firearm charges, (2) there is at least probable cause that defendant committed the offenses by virtue of an indictment being returned by a grand jury as well as the representation by the government that defendant had admitted his culpability with respect to the offenses in the indictment, (3) defendant is a lifelong resident of Michigan, he does have family that reside in Michigan and he does own assets and he has employment but he has a long-term history of substance abuse and at least two prior felony convictions, one of which was for a drug offense and the other was for escape, (4) defendant was placed on probation for his drug felony conviction and violated the terms of that supervision three times and was later prosecuted and convicted of escape which caused his parole supervision to be extended to January 1, 2004, (5) the government proffered

2

information that on or about March 11, 2009, a search of defendant's residence was conducted and approximately 20 grams of crack cocaine and a loaded 45 caliber semi-automatic pistol were seized and defendant admitted possessing these items (part of the government's proffer regarding these facts were that local authorities had referred any potential prosecution for these events to federal authorities and that prosecution at the federal level arising from the March 11, 2009, events would be considered in the near future), and (6) a presumption in favor of detention arises from defendants prosecution for the present drug offense when the potential penalty is enhanced by an information, filed pursuant to 21 U.S.C. § 851, reflecting a prior felony drug conviction, which results in an increase in the potential sentence to ten years.

While a defendant may rebut the presumption in favor of detention, the "presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, 'courts would be giving too little deference to Congress' findings regarding this class. The court may continue to give the presumption some weight by keeping in mind that Congress has determined 'that drug offenders pose a special risk of flight and dangerousness to society.'" *United States v. Lattner*, 23 Fed.Appx. 363, 364 (6th

Cir. 2001) (internal citation omitted).

"Danger to the community" includes more than just the risk that one or more individuals may face from the defendant's release. Drug trafficking represents a danger to the community and continued drug trafficking constitutes a danger to the community within the meaning of § 3142(e). *United States v. Wildfong*, 2009 WL 233766 (E.D. Mich., 2009). At least seven circuits, not including the Sixth Circuit, have so held. *Id*. The Sixth Circuit has not, however, reached a contrary viewpoint. The danger to the community arising from drug trafficking is enhanced by the presence of firearms. In this case defendant is charged with a drug trafficking offense and with possession of a firearm. The government proffered information at the detention hearing that defendant was in possession of a distribution quantity of crack cocaine and a loaded firearm on March 11, 2009. Those events in addition to the events that are the subject of the indictment demonstrate a pattern of conduct that represents a clear danger to the community.

Defendant's flight risk potential is demonstrated by his multiple failure to comply with supervision when placed on probation for the earlier felony drug offense and also by his escape conviction. He faces a high likelihood of a prison sentence in the present case and, if charged relating to the March 11, 2009, events

4

as promised by the government, he would face a mandatory minimum sentence of ten years which would provide a significant incentive to flee.

For the above reasons the government's motion for detention is granted. Defense counsel was advised that if defendant is not charged with federal crimes associated with the events of March 11, 2009, within 30 days a motion to set bond would be considered in that the possibility of those charges was a significant factor in the decision to grant the government's motion for detention.

### CERTIFICATE OF SERVICE

I certify that on March 27, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Norman W. Donker, Elias J. Escobedo, Jr. and Kenneth M. Scott, and I certify that I have either hand delivered/ mailed by United States Postal Service the paper to the following non-ECF participants: Pretrial Services Agency and U.S. Marshal's Service.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov