UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Donnell Williams,

     Petitioner,

v.                                         Civil Case No. 10-14664
                                          Criminal Case No. 08-20514

United States of America,

                                          Honorable Sean F. Cox

     Respondent.
_____/

**OPINION & ORDER**
**DISMISSING PETITIONER'S MOTION TO VACATE SENTENCE**

This matter is currently before the Court on a Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Michael Donnell Williams ("Petitioner"). As explained below, the Court shall DISMISS the motion because the Court concludes that Petitioner waived his right to collaterally attack his sentence in the plea agreement that he executed.

BACKGROUND

In this action, Petitioner was charged with possession with intent to distribute five grams or more of cocaine based in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Three); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five).

Pursuant to a Rule 11 Plea Agreement, Petitioner pleaded guilty to Counts One and Two of the First Superseding Indictment. (Docket Entry No. 23, Rule 11 Plea Agreement). That Rule 11 Agreement provides, at paragraph 6, as follows:

> 6.   APPEAL WAIVER
>
> The defendant waives his/her right to appeal his/her conviction(s) and may only appeal or otherwise challenge any part of his/her sentence(s) to which he/she has not stipulated in this plea agreement and attached worksheets. The government agrees not to appeal any sentence within the guideline range it has recommended in this agreement.
>
> **Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly and voluntarily waives that right and agrees not to contest his/her conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.**

(Rule 11 Agreement at ¶ 6) (emphasis added). In addition page 10 of the Rule 11 Agreement states the following above Petitioner's signature:

> By signing below, defendant acknowledges having read (or been read) this entire document, understanding it, and agreeing to its terms. Defendant also acknowledges being satisfied with defense attorney's advice and representation. Defendant acknowledges having had a full and complete opportunity to confer with counsel, and that all of defendant's questions have been answered by counsel.

(*Id*. at 10).

Petitioner pleaded guilty to Counts One and Two of the First Superceding Indictment before this Court on July 17, 2009. (*See* Docket Entry No. 29, Transcript of Plea Hrg.). At that time, Petitioner acknowledged that he was giving up his right to appeal and his right to collaterally attack his conviction, and that he was doing so freely and voluntarily. (*Id*.). This

Court accepted Petitioner's guilty plea on July 17, 2009, and took the Plea Agreement under advisement.

On November 23, 2009, this Court accepted the Plea Agreement and sentenced Petitioner to a term of 60 months imprisonment on Counts One and Two, to be served consecutively. Judgment was entered on December 2, 2009. (Docket Entry No. 25).

Petitioner did not file a direct appeal.

On November 22, 2010, Petitioner filed a *pro se* Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Docket Entry No. 26).

On February 4, 2011, the Government filed a response in opposition to Petitioner's motion. (Docket Entry No. 33).

## ANALYSIS

The Government contends that this Court must dismiss Petitioner's § 2255 motion under *Watson v. United States*, 165 F.3d 486 (6th Cir. 1999); *Davila v. United States,* 258 F.3d 448 (6th Cir. 2001); and *In Re Acosta*, 480 F.3d 421 (6th Cir. 2007), because Petitioner waived his right to collaterally attack his sentence in the plea agreement he executed. The Court agrees.

The Sixth Circuit has held "that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In Re Acosta*, 480 F.3d at 422; *Watson*, 165 F.3d at 488-89. The Sixth Circuit has emphasized "the distinction between appeals like this one, that simply relate to issues a defendant has validly agreed not to appeal or attack collaterally, from those that go to the very validity of a guilty plea." *Id.* In cases where a defendant argues that his plea was not knowing or voluntary, or that his plea was the product of ineffective assistance of counsel, such claims go to the validity of a guilty plea. *Id*.

Here, however, Petitioner has not raised challenge that goes to the validity of his waiver, such as a claim that his waiver was involuntary or that his waiver was the product of ineffective assistance of counsel. *Id.* Accordingly, Petitioner waived his right to collaterally attack his sentence in the plea agreement that he executed

The Court also concludes that a certificate of appealability should not issue. When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue only if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel*, 529 U.S. 473, 484-85 (2000). This Court does not believe that reasonable jurists would find it debatable as to whether this Court is correct in its ruling. The Court shall therefore decline to issue a certificate of appealability.

The Court will also deny Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous.

## CONCLUSION & ORDER

Petitioner waived his right to collaterally attack his sentence in the plea agreement that he executed. Accordingly, **IT IS ORDERED** Petitioner's § 2255 Motion is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

**IT IS SO ORDERED.**

Dated: February 22, 2011                      S/ Sean F. Cox
                                                         Sean F. Cox
                                                         U. S. District Court Judge

I hereby certify that on February 22, 2011, the foregoing document was served upon counsel of record by electronic means and upon Michael Donnell Williams by First Class Mail at the address below:

Michael Donnell Williams #42710-039
FCI Herlong
P. O. Box 800
Herlong, CA 96113

Dated: February 22, 2011                      S/ J. Hernandez
                                                         Case Manager